**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **IN RE:**<br><br>**APPLICATION OF NICHOLAS LAMOTTE FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** | **1:26-mc-00063 (JPC) (SDA)**<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

This matter comes before the Court by an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (the "Application") filed by Nicholas Lamotte ("Petitioner"). (Application, ECF No. 1.) Having reviewed the Application, its supporting memorandum, the Declaration of Lucas Bento, dated February 13, 2026 (the "Bento Declaration"), the Declaration of Elias Yiannatsis, dated February 13, 2026, and the exhibits accompanying the foregoing Declarations, the Court finds as follows:

A.      Petitioner has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance.

B.      For purposes of the instant Application, JPMorgan Chase & Co. and Morgan Stanley (together, the "Respondents") reside or are found in this Judicial District.

C.      The discovery sought is for use in a foreign proceeding before a foreign tribunal.

D.      Petitioner is an interested person within the meaning of the statute.

E.      The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance. (*See* Pet.'s Mem., ECF No. 2, at 17-21.)

F.      The granting of the Application *ex parte* is recognized in this Circuit. *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

Accordingly, it is hereby ORDERED, as follows:

1.      The Application is GRANTED.

2.      Petitioner is authorized to serve the subpoenas annexed as Exhibits B and C to the Bento Declaration (the "Subpoenas") upon the Respondents.

3.      Respondents shall respond to the Subpoenas pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

4.      Nothing in this Order shall be construed to prevent or otherwise foreclose Respondents from seeking appropriate relief from the Court.

5.      The Court shall retain jurisdiction over the matter for the purpose of enforcing this Order, as appropriate.

6.      A copy of this Order promptly shall be served by Petitioner upon Respondents and Petitioner shall file proof of service to the ECF docket.

**SO ORDERED.**

Dated:      New York, New York
            February 24, 2026

_____
STEWART D. AARON
United States Magistrate Judge