**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7552**

**MEMO ENDORSED.**

WRITER'S EMAIL ADDRESS
**lucasbento@quinnemanuel.com**

March 25, 2026

**VIA ECF**

Hon. Ona T. Wang
United States Magistrate Judge
U.S. District Court Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     In re Application of Nicholas Lamotte, No. 26-mc-00063-JPC-OTW

Dear Judge Wang:

Pursuant to Rule VI.b. of Your Honor's Individual Practices, we submit this letter motion to seal on behalf of Petitioner Nicholas Lamotte ("Petitioner") in the above-captioned matter. Petitioner seeks to redact Exhibit 4 to the Declaration of Bryan Jones submitted in connection with his Opposition (the "Opposition") to Ms. Helen Economides' Motion to Intervene, to Vacate the Discovery Order, to Quash Subpoenas, or Alternatively to Stay ("Ms. Economides' Motion") as further detailed below.

## I.     INTRODUCTION

Petitioner seeks to redact certain information in Exhibit 4 to the Declaration of Bryan Jones submitted in connection with his Opposition to Ms. Economides' Motion, in addition to information permitted to be redacted without Court approval under Rule 5.2 of the Federal Rules of Civil Procedure, to ensure their child's identity remains confidential.  Specifically, Petitioner seeks to apply limited redactions to conceal information related to the already-sealed confidential judgment of the English Court (Dkt. 26, sealing Dkt. 18-2) to ensure his child's identity is not revealed in the course of this proceeding.  The disclosure of requested materials would harm Petitioner's minor child's privacy if disclosed, and easily satisfies the standard for sealing.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

## II.    LEGAL STANDARD

Petitioner's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings. *Lugosch*, 435 F.3d at 120. For the presumption to attach, however, a document must be considered a "judicial document," meaning it is both "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Even for judicial documents, the weight accorded to the presumption of access varies based on the role the material plays in the adjudication and the degree to which access to the material would materially assist the public in understanding the issues before the court. *Id.*; *see also Bernstein*, 814 F.3d at 139.

As the Second Circuit has recognized, the presumption of public access to filings submitted in connection with discovery disputes is "generally somewhat lower" than the presumption applied to material introduced at trial, or in connection with a dispositive motion. *See Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019). As a result, the standard for sealing is commensurately lower for such materials. While courts still must articulate specific and substantial reasons for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Id.*

As set forth below, while Petitioner would meet a more rigorous "compelling need" standard based on the nature of the materials it seeks to seal, it easily meets the lower standard that courts routinely apply to materials submitted in connection with discovery motions.

## III.    THE CONFIDENTIAL ENGLISH JUDGMENT WARRANTS SEALING

The document – Exhibit 4 to the Declaration of Bryan Jones – Petitioner seeks to redact contains highly sensitive information and warrant sealing. Disclosure of the redacted information in the context of this § 1782 proceeding could be used to reveal the identity of Petitioner's minor child.  Courts routinely seal information related to the identity of minor children.  *See, e.g., Stein v. Needle*, No. 3:19-CV-1634-VLB, 2022 WL 1212822, at *2 (D. Conn. Jan. 14, 2022) ("The Court finds clear and compelling reasons justify sealing the names of minor children as they are of no consequence to the ultimate adjudication of the case and children's names are routinely subject to sealing."); *Winkler v. Grant*, 370 F. App'x 145, 147 (2d Cir. 2010) (vacating a district court's denial of a motion to seal and directing the district court to  "take appropriate action to protect the identities of minors currently named in the record."); *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, No. 17CV7150PACKHP, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (acknowledging there a privacy interest that warrants keeping identities of minors anonymous). Indeed, this Court granted Petitioner's prior motion to seal (Dkt. 24; Dkt. 26), sealing a English Court's judgment that was ordered to be kept confidential by the English Court (the "English Judgment") and that, in the context of this proceeding, could be used to reveal the identity of Petitioner's child.

2

## IV.    PETITIONER'S SEALING REQUESTS ARE NARROWLY TAILORED

Petitioner has precisely identified the information in Exhibit 4 to the Declaration of Bryan Jones that would cause Petitioner's minor child harm if disclosed, leaving the balance unredacted and open to the public. Specifically, Petitioner has only redacted the name of the Judge who issued the English Judgment, the date of the English Judgment, and the date of the hearing that is the subject of the English Judgment. Accordingly, in order to maintain the confidential nature of this information, in accordance with the English Judgment itself, Petitioner respectfully requests the Court grant this motion to seal, publishing redacted versions of the above-identified materials on the Court's public dockets.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Lucas V.M. Bento*

Lucas Bento

Application **GRANTED.** The Clerk of Court is respectfully directed to close ECF 30.

**SO ORDERED.**

Ona T. Wang   May 15, 2026
U.S.M.J.

3