**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

April 10, 2026

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    In re Application of Nicholas Lamotte, No. 26-mc-00063-JPC-OTW

Dear Judge Wang:

Pursuant to Rule VI.b. of Your Honor's Individual Practices, we submit this letter motion to seal on behalf of Petitioner Nicholas Lamotte ("Petitioner") in the above-captioned matter. Petitioner seeks to seal portions of the declarations of Ms. Helen Economides (ECF No. 42) and Ms. Joanna Grandfield (ECF No. 43) filed on April 6, 2026 in connection with Ms. Helen Economides' Reply Memorandum of Law in support of her Motion to Intervene, to Vacate the Discovery Order, to Quash Subpoenas, or Alternatively to Stay ("Ms. Economides' Reply") as further detailed below.

On April 9, 2026, Petitioner's US counsel asked Ms. Economides' US counsel in the above-captioned proceeding if Ms. Economides would oppose sealing limited portions of Ms. Economides's and Ms. Grandfield's respective declarations that quote from or otherwise directly refer to the contents of the English Judgment (ECF No. 18-2, the "English Judgment")) that has been sealed by this Court (ECF No. 26) and has been ordered to be kept confidential by an English court.  On April 10, 2026, US counsel for Ms. Economides stated Ms. Economides would not oppose Petitioner's motion to seal.

### I.    INTRODUCTION

Petitioner seeks to redact certain portions of the Declaration of Ms. Economides (ECF No. 42) and the Declaration of Joanna Grandfield (ECF No. 43) submitted in connection with Ms. Economides Reply because they are related to the English Judgment that was ordered to be kept confidential by the English Court and has been sealed by this Court.  ECF No. 26.  The materials

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Petitioner seeks to seal here disclose portions of English Judgment, which has been sealed by this Court, and which may harm Petitioner's minor child's privacy if it remains disclosed. Petitioner easily satisfies the standard for sealing.

## II.     LEGAL STANDARD

Petitioner's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings. *Lugosch*, 435 F.3d at 120. For the presumption to attach, however, a document must be considered a "judicial document," meaning it is both "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Even for judicial documents, the weight accorded to the presumption of access varies based on the role the material plays in the adjudication and the degree to which access to the material would materially assist the public in understanding the issues before the court. *Id.*; *see also Bernstein*, 814 F.3d at 139.

As the Second Circuit has recognized, the presumption of public access to filings submitted in connection with discovery disputes is "generally somewhat lower" than the presumption applied to material introduced at trial, or in connection with a dispositive motion. *See Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019). As a result, the standard for sealing is commensurately lower for such materials. While courts still must articulate specific and substantial reasons for sealing such material, "the reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Id.*

As set forth below, while Petitioner would meet a more rigorous "compelling need" standard based on the nature of the materials it seeks to seal, it easily meets the lower standard that courts routinely apply to materials submitted in connection with discovery motions.

## III.     THE CONFIDENTIAL ENGLISH JUDGMENT WARRANTS SEALING

The limited, specified portions of the Declaration of Ms. Economides (ECF No. 42) and the Declaration of Joanna Grandfield (ECF No. 43) that Petitioner seeks to seal are highly sensitive and warrant sealing. Disclosure of the redacted information in the context of this § 1782 proceeding discloses information that has already been sealed by this Court and could be used to reveal the identity of Petitioner's minor child.    Courts routinely seal information related to the identity of minor children. *See, e.g.*, *Stein v. Needle*, No. 3:19-CV-1634-VLB, 2022 WL 1212822, at *2 (D. Conn. Jan. 14, 2022) ("The Court finds clear and compelling reasons justify sealing the names of minor children as they are of no consequence to the ultimate adjudication of the case and children's names are routinely subject to sealing."); *Winkler v. Grant*, 370 F. App'x 145, 147 (2d Cir. 2010) (vacating a district court's denial of a motion to seal and directing the district court to  "take appropriate action to protect the identities of minors currently named in the record."); *J.L. on behalf of J.P. v. New York City Dep't of Educ.*, No. 17CV7150PACKHP, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (acknowledging there a privacy interest that warrants keeping identities

2

of minors anonymous).   Indeed, this Court granted Petitioner's prior motion to seal (ECF No. 24; ECF No. 26), sealing the English Judgment, the terms of which itself make clear it is to be kept confidential.  The English court's confidentiality concerns should be respected here.  *See, e.g., In re Steinmetz*, No. 20-MC-212 (AJN), 2022 WL 170851, at *7 (S.D.N.Y. Jan. 19, 2022) (granting motion to seal to comply with a consent order in a UK litigation).

### IV.    PETITIONER'S SEALING REQUESTS ARE NARROWLY TAILORED

Petitioner has precisely identified the portions of the declarations submitted in connection with Ms. Economides' Reply that would disclose information already sealed by this Court and cause Petitioner's minor child harm if disclosed, leaving the balance unredacted and open to the public.  Specifically, Petitioner has only redacted limited portions of the Declaration of Helen Economides (ECF No. 42) and the Declaration of Joanna Grandfield (ECF No. 43) that quote from or otherwise directly refer to the already-sealed English Judgment. Accordingly, in order to maintain the confidential nature of this information, in accordance with the English Judgment itself, Petitioner respectfully requests the Court grant this motion to seal, publishing redacted versions of the above-identified materials on the Court's public dockets.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Lucas V. M. Bento*

Lucas Bento

Application **GRANTED.** The Clerk of Court is respectfully directed to close ECF 45.

**SO ORDERED.**

Ona T. Wang        May 15, 2026
U.S.M.J.

3