**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF NICHOLAS LAMOTTE FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | No. 26-mc-00063 (JPC) (OTW)<br><br>**STIPULATION AND** ~~**PROPOSED**~~ **PROTECTIVE ORDER** |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, on May 15, 2026, the Court granted the motion of Helen Economides to intervene in this action, thereby making her a "party" to this action, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."  Notwithstanding the foregoing, a party may designate as Confidential Information any documents produced by a third-party, including without limitation by a financial institution, by giving written notice that such documents are so designated, whether or not the third-party stamps such documents as Confidential at the time of production.

2.     Confidential Information shall be used solely for purposes of prosecuting, defending, or attempting to settle the following foreign proceedings, including any appeals, any other lawful available legal means and legal remedy that may be taken from such proceedings, including to the European Court of Human Rights, and/or ancillary proceedings relating thereto: (a) divorce proceedings between the Parties pending in Greece, (b) custody proceedings between the parties pending in Greece, and (c) Petitioner's contemplated proceeding seeking to enforce the parties' prenuptial agreement in Greece (collectively the "Foreign Proceedings"), and for no other purpose. Without limiting the foregoing, no party or person receiving Confidential Information shall use it for any business, commercial, competitive, personal, journalistic, or other purpose, or in any other litigation, proceeding, or matter, or disclose it to any person or government agency, except as compelled by law.

3.   In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.   The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.   The requesting party and counsel;

b.   Employees of such counsel assigned to and necessary to assist in the litigation;

c.   Consultants or experts assisting in the prosecution or defense of the Foreign Proceedings, to the extent deemed necessary by counsel;

d.   Deponents and trial witnesses, during the course of and to the extent necessary for their testimony, provided that no copies shall be retained by such witnesses; and

e.   Vendors retained to provide litigation support (e.g., copying, imaging, electronic discovery).

f.   Any Greek court, including the Athens Court of First Instance and any competent superior Greek court, such as any competent Greek appellate court and, the Greek Supreme Court, as well as any other court or tribunal overseeing any dispute or appeal relating to the parties' prenuptial agreement, divorce, or custody of the parties' minor child, including the courts' personnel, court reporters and videographers; and

g.   The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court), as well as any competent U.S. Court, such as the United States Court of Appeals for the Second Circuit.

5.   Before disclosing or displaying the Confidential Information to any person, counsel must:

a.   Inform the person of the confidential nature of the information or documents;

b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.      Require each such person in paragraphs 4(a) through (e) to sign an agreement to be bound by this Order in the form attached hereto.

6.      The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

8.      Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

9.      Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10.     At the conclusion of the Foreign Proceedings, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED**.

/s/ *Lucas Bento*                                                    /s/ *Valentina Shaknes*
Dated: June 18, 2026                                          Dated: June 18, 2026

**SO ORDERED**.

_____
**Ona T. Wang**
United States Magistrate Judge

Dated:     June 18, 2026                              New York, New York

3